IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ORBIN D. BLEDSOE,<br>　　Petitioner, | )<br>)<br>)　Civil Action No. 7:22cv00339<br>) |
| v. | )<br>)<br>)　By: Elizabeth K. Dillon |
| HAROLD W. CLARKE, Director,<br>　　Respondent. | )　　　United States District Judge<br>)<br>) |

**OPINION AND ORDER**

Orbin Bledsoe, a Virginia inmate proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2016 conviction and sentence in Rockingham County Circuit Court for driving after having been declared a habitual offender. The court received Bledsoe's petition on June 27, 2022. On July 12, 2022, this court entered a conditional filing order assessing a filing fee and advising Bledsoe that his petition appeared to be untimely. The order directed Bledsoe to respond with any additional argument or evidence on timeliness that he wished to submit within 20 days. Although Bledsoe timely submitted his statement of assets and prisoner trust account report, he has never submitted any additional evidence or argument on timeliness, despite being given the opportunity to do so. Having determined that the petition appeared to be untimely after preliminary review of the petition and of state court records available online, pursuant to Rule 4 of the Rules Governing § 2254 Cases, and having given Bledsoe notice and the opportunity to respond as required by *Hill v. Braxton*, 277 F.3d 701, 706–07 (4th Cir. 2002), the court concludes that the petition is untimely and will dismiss it *sua sponte*.

Following a trial, a jury convicted Bledsoe of the felony driving charge. At the sentencing hearing held October 7, 2016, the court imposed a sentence of four years. The

judgment order was entered on October 13, 2016. Bledsoe appealed to the Court of Appeals of Virginia, which ultimately affirmed the conviction on June 5, 2018. The Supreme Court of Petition refused his appeal on April 1, 2019. More than two and a half years later, on November 23, 2021, Bledsoe filed a state petition for a writ of habeas corpus in the Supreme Court of Virginia. The court procedurally dismissed his petition on March 14, 2022, and refused his petition for rehearing on May 11, 2022.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDP), a petitioner has one year in which to file a federal habeas corpus petition. This statute of limitations runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Bledsoe has provided no allegations to suggest that subsections (B), (C), or (D) apply, so the one year statute of limitations is calculated from the date on which his conviction became final by the conclusion of direct review or expiration of the time for seeking such review. The

final judgment of the Supreme Court of Virginia was entered April 1, 2019. Thereafter, Bledsoe had 90 days in which to file a petition in the United States Supreme Court, but he elected not to do so. The 90 days ran out on July 1, 2019 (because June 30, 2019, was a Sunday). The statute of limitations began running on that date, July 1, 2019, and expired on July 1, 2020. Bledsoe certified that he deposited his § 2254 petition in the prison mail on June 15, 2022, nearly two years after the federal statute had expired.

The AEDP also provides for tolling of the statute of limitations while a properly filed application for state post-conviction relief is pending. 28 U.S.C. § 2244(d)(2). Bledsoe's state habeas petition was not filed until November 23, 2021, long after the expiration of the federal statute of limitations on July 1, 2020. A state petition filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000). Bledsoe's federal petition is untimely.

It is hereby **ORDERED** that Bledsoe's § 2254 petition is **DISMISSED** as time-barred, and this action is **STRICKEN** from the active docket of the court.

Further, finding that there has been no showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is **DENIED.**

The Clerk shall send a copy of this opinion and order to Mr. Bledsoe.

Entered: January 10, 2023.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge