IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ORBIN D. BLEDSOE, ) | |
|     Petitioner, ) | Civil Action No. 7:22cv00339 |
| ) | |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| HAROLD W. CLARKE, Director, ) |     United States District Judge |
|     Respondent. ) | |

**MEMORANDUM OPINION**

On June 24, 2022, petitioner Orbin Bledsoe, a Virginia inmate proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2016 conviction in Rockingham County Circuit Court for driving after having been declared a habitual offender. On January 10, 2023, the court dismissed his petition as untimely. Petitioner has now filed a timely motion for reconsideration of that decision, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. For the reasons stated below, his motion is denied.

Bledsoe raises the following arguments in support of his motion for reconsideration: (1) that he was never given the opportunity to provide additional law or information on timeliness; (2) that he is raising a jurisdictional issue that can be raised at any time; (3) that his original arguments in his petition were ignored; (4) that the habitual offender statute is unconstitutional and deprived him of due process; and (5) that he is a *pro se* litigant and was faced with COVID-19 protocols, such that his "issues" should be liberally construed.

I.    STANDARD OF REVIEW

A motion to alter or amend judgment under Rule 59(e) is not intended as a means for a dissatisfied litigant to reargue "the very issues that the court has previously decided." *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007).

> A Rule 59(e) motion may only be granted in three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice. . . . It is an extraordinary remedy that should be applied sparingly.

*Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (internal quotations and cites omitted). The decision to alter or amend a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. *E.g., Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 653 (4th Cir. 2002).

Bledsoe has not identified any change in law after entry of this court's order on January 10, 2003, nor has he offered any new evidence that was not available to him before the court dismissed his petition. Construing his motion liberally, he appears to be arguing that the court's prior decision on timeliness was incorrect and that allowing his petition to proceed would prevent manifest injustice. By addressing each of the arguments in his motion, the court will explain why its prior decision was legally correct and why dismissal of the petition does not create a manifest injustice.

## II.  BACKGROUND

Following trial, a jury convicted Bledsoe of the felony charge of driving after being declared a habitual offender. Following a sentencing hearing on October 7, 2016, the court imposed a sentence of four years. The final judgment was entered on October 13, 2016. Bledsoe appealed to the Court of Appeals of Virginia, which affirmed his conviction. *Bledsoe v. Commonwealth*, No. 1835-16-3, 2018 WL 2604924 (Va. Ct. App. June 5, 2018). The Supreme Court of Virginia refused his appeal on April 1, 2019. He did not petition the United States Supreme Court for certiorari.

On November 23, 2021, Bledsoe filed a state petition for habeas corpus in the Supreme Court of Virginia, which was procedurally dismissed as untimely.  *Bledsoe v. Clarke*, No. 211199 (Va. March 14, 2022), *reh'g denied* (Va. May 11, 2022).  He then filed a petition with this court on June 24, 2022, which was dismissed as untimely.  The court now considers his motion for reconsideration of that decision, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

### III.  DISCUSSION

**A.  Opportunity to Argue Timeliness**

In his motion, Bledsoe states that he "was never afforded the opportunity to respond with further caselaw/info to support" his claim.  (Mot. Recons. 2, Dkt. No. 8).  He asks the court to "review the order from Honorable Joel C. Hoppe" to find that he was never given notice.  The order entered by Judge Hoppe on July 12, 2022, paragraph 5, states:

> Petitioner is hereby **DIRECTED** to submit within twenty (20) days from the date of this Order any argument or evidence he desires to present concerning the timeliness of his petition under § 2244(d).  FAILURE TO COMPLY WITH THE CONDITIONS SET FORTH IN THIS PARAGRAPH MAY RESULT IN DISMISSAL OF THE PETITION AS UNTIMELY.

(Order 2–3, Dkt. 4).  This paragraph plainly gave notice that the case could be dismissed if he did not present further argument on timeliness.

**B.  Not a Jurisdictional Issue**

Bledsoe alleges that he is not subject to the habeas statute of limitations because he is challenging the trial court's jurisdiction to convict him.  His argument seems to be that the law under which he was declared a habitual offender is unconstitutional, and therefore the court lacked jurisdiction to convict him.  The case he relies on for this proposition, *Ex parte Siebold*, 100 U.S. 371 (1879), was abrogated by the Supreme Court in 1912.  *Glasgow v. Moyer*, 225 U.S.

3

420 (1912). More recently, the Court noted that "the line between mere errors and jurisdictional defects was not always a luminous beacon and it evolved over time." *Brown v. Davenport*, 142 S. Ct. 1510, 1521 (2022).

There are several types of jurisdiction, but only lack of subject matter jurisdiction can be raised at any time. *Porter v. Commonwealth*, 661 S.E.2d 415, 426–27 (Va. 2008). Subject matter jurisdiction refers to a court's power to hear a case. *United States v. Beasley*, 495 F.3d 142, 147 (4th Cir. 2007). It is "the authority granted through constitution or statute to adjudicate a class of cases or controversies." *Morrison v. Bestler*, 387 S.E.2d 753, 755 (Va. 1990). All other jurisdictional defects are considered waived unless raised in the pleadings in the trial court and preserved properly for appeal. *Id.* at 756.

Virginia Code § 17.1-513 prescribes the jurisdiction of circuit courts in Virginia. Among other powers, the circuit courts have jurisdiction over all indictments for felonies and over all felony charges certified by the general district court. *Id.* Therefore, the Rockingham County Circuit Court had subject matter jurisdiction over the felony prosecution against Bledsoe.

C.  **Original Arguments were not Ignored**

In dismissing the petition as untimely, the court did not ignore Bledsoe's arguments. Rather, the court determined that his arguments were not sufficient to overcome the statute of limitations, for the reasons set forth in section B above and section D below. The court provided Bledsoe notice that the petition filed appeared to be untimely and gave him the opportunity to offer other arguments, but he did not do so. Even in his motion for reconsideration, he simply raises the same arguments he provided in his original petition and supporting memorandum.

4

**D. The Habitual Offender Statute is Constitutional**

The criminal statute under which Bledsoe was convicted, Virginia Code § 46.2-357 criminalizes driving after one has been classified as a habitual offender. A separate set of statutes provided the procedure for determining whether a driver would be declared a habitual offender; that procedure was codified in Code §§ 46.1-351–46.1-355. The Virginia General Assembly repealed those sections in 1999, so that drivers in the future would not be declared habitual offenders. Nevertheless, driving after being declared a habitual offender remained a crime under Code § 46.2-357. The Court of Appeals of Virginia addressed the constitutionality of a conviction for driving after being declared a habitual offender, once the procedures for declaring someone a habitual offender had been repealed, and held that the criminal statute did not violate due process or equal protection principles. *Lilly v. Commonwealth*, 647 S.E.2d 517, 522 (Va. Ct. App. 2007).

Now that Code § 46.2-357 has also been repealed, Bledsoe can no longer be convicted of driving after being declared a habitual offender after July 1, 2021. However, before that date, such driving was a crime. It was still a crime in 2016, when Bledsoe was convicted, and it was a crime on the earlier date that he was charged with driving as a habitual offender. Subsequent repeal of the law did make his earlier conduct legal. *See Artis v. Commonwealth*, 882 S.E.2d 478, 483 (Va. Ct. App. 2023) (upholding marijuana conviction charged before the effective date of the law repealing marijuana possession as a crime).

Bledsoe's constitutional argument is made against the procedure by which he was declared a habitual offender, not the statute under which he was criminally convicted. They are different statutes. Unlike the license suspensions involved in *Stinnie v. Holcomb*, Bledsoe is filing a collateral attack on the legality of his incarceration pursuant to a valid judgment of a state

court. He has not filed an independent federal claim challenging the constitutionality of the repealed statutes for determining whether someone is to be considered a habitual offender; he is challenging the state court's criminal judgment itself. Challenging a law that is not a criminal statute is not a proper function of the habeas statute. The court in *Stinnie* specifically distinguished the type of claim Bledsoe is trying to make, which would be precluded by the *Rooker-Feldman* doctrine. *Stinnie v. Holcomb*, 355 F. Supp. 3d 514, 523 (W.D. Va. 2018).

### E. *Pro Se* Litigants and Liberal Construction

Although pleadings of a *pro se* litigant are to be liberally construed and are held to less stringent standards than those required of lawyers, a petitioner must still allege facts that entitle him to relief. *Bailey-El v. Housing Authority of Baltimore*, 185 F. Supp. 3d 661, 671 (D. Md. 2016). Liberal construction cannot save Bledsoe's petition, because his facts and arguments are already clearly stated; the arguments are not supported by the law, although he has made a very artful attempt at stretching the case law to cover his facts. The court cannot grant relief that the facts and law do not support.

Nor are petitioner's requests for leniency on the timeliness of his filing supported by adequate reasoning. A federal court can grant equitable tolling in limited circumstances, if a petitioner has pursued his rights diligently and some extraordinary circumstances prevented his filing. Bledsoe has not demonstrated diligent pursuit of his rights. He argues that he was not aware of the potential challenge to the habitual offender statute until the *Stinnie* case was decided in 2018 and that COVID lockdowns and protocols prevented him from filing a timely petition.

The Supreme Court of Virginia refused his direct appeal on April 1, 2019. The one-year statute of limitations on his state habeas claims began that day. The *Stinnie* decision had already been decided, so that is not what prevented his timely filing. He had 90 days in which to file his

petition for certiorari with the U.S. Supreme Court, but he did not do so. Accordingly, the judgment became final and the statute of limitations on his federal habeas claims began running on July 1, 2019 (because the 90th day, June 30, fell on a Sunday). The deadline for filing his state habeas was April 1, 2020. The COVID emergency did not begin causing lockdowns and delays until two or three weeks before that deadline; that did not justify a delay of more than one and a half years in filing his state petition and nearly two years delay in filing his federal petition. This court alone received more than 50 habeas petitions between July 1, 2020, and June 24, 2022. Had Bledsoe pursued his rights diligently, his petition would have been filed earlier.

## IV.  CONCLUSION

For the reasons stated above, Bledsoe has failed to establish that this court's order of January 10, 2023, contained a clear error of law or that denying his petition would create a manifest injustice. He has not established any grounds for reconsideration of the opinion and order previously entered. Accordingly, the motion for reconsideration will be denied.

An appropriate Order will be entered.

Entered: August 8, 2023.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge